From William F. Schutte, Beaver Falls, Penna.

## Beyer's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*Taylor, Hoar & Nicholson,* for petitioner.

*George J. Edwards, Jr.,* and *James B. Anderson, Jr.,* contra.

HENDERSON, J., December 29, 1933.—The petition avers the death of this testatrix on November 6, 1931, leaving a will which was duly proven on February 8, 1932, under which Linford B. Cassel is the remaining executor and trustee.

By said will, Cassel was given a legacy of $200 and a sum sufficient to enclose three burial lots in Mt. Moriah Cemetery; there were further pecuniary bequests of $120 to the cemetery for the perpetual care of the lots, $300 to Malvina Bryant, and $2,000 to the Third Church of Christ Scientist, Philadelphia.

The inventory and appraisement of the personal property of the decedent, as filed in the office of the register of wills, shows total personal assets of $734.64; of the property listed in the inventory, the household and personal belongings, diamond pendant, and Christian Science books were specificially bequeathed and have been delivered to the legatees thereof. The only property thus far converted into cash, it is averred, is a balance of $14.02 in the First Penny Savings Bank and the miscellaneous jewelry, which has been sold by the executor

for the net sum of $75.86. There were also some shares in Common Sense B. & L. Assn., which has stopped paying withdrawals, and the value of the shares is uncertain. It is further averred that there is no market for the stock of Los Angeles Investment Co., and the petitioner avers that it will not exceed the appraisal of $72.

The total value of the residuary personal estate, it is averred, will not exceed $380, and the amount of debts, funeral expenses, taxes on the personal estate, and administration expenses to date is $393, or a sum in excess of the total value of the personal estate.

By the terms of the will, the rest, residue, and remainder of the estate is devised and bequeathed unto the petitioner as executor and trustee, in trust to pay the net income from the personal estate and the net rents from the real estate to William P. Drinkhouse for life, and after his death the residuary estate is given in equal parts to Phyllis Miller, John Samuel Miller, Edwin K. Drinkhouse, and Lewis E. Benedict.

The only real estate belonging to the decedent is premises 1832 W. Diamond Street, subject to mortgages in the total sum of $7,000.

The prayer of the petition is for a citation directed to the life tenant and remaindermen of the real estate to show cause why they should not pay the amount of said legacies, or upon failure to pay, why the said real estate should not be sold for the payment of the same.

The answer substantially admits the averments of the petition; while it admits there are no assets for the payment of legacies, it further avers: "I am advised and therefore believe that no account having being filed in the orphans' court by the executor and no adjudication being had therein, it is impossible to ascertain whether there is sufficient personal estate of the decedent to pay the pecuniary legacies."

As the petition admits the statements of fact as to the inventory and appraisement of the personal assets, we need pay no attention to this averment, especially in view of the fact that the decedent died in November 1931.

The respondent urges that the devise contained in the residuary estate is a specific one, and hence it may not be sold to pay legacies. We cannot agree with this contention, because residuary estate is only given to the trustee for the purposes of the trust after the payment of administration expenses, debts, legacies, etc., the clause of the will being as follows:

"All the rest residue and remainder of my estate real and personal of which I may die possessed or entitled to I give devise and bequeath unto my Executors and Trustees hereinafter named In Trust nevertheless to invest the personal estate in such securities as they in their judgment may deem advantageous and to call in replace and reinvest the same when and as often as they may deem proper and to pay the income from the personal estate and the net rents from the real estate as follows, etc."

We can see no ground for regarding this in the remotest degree as a specific devise.

It appears that John Samuel Miller is a minor without guardian; and Linford B. Cassel, the petitioner, has only joined in his capacity as a legatee under said will.

The petitioner is directed to join in the proceeding as trustee of the residuary estate and to cause a guardian, ad litem it may be, to be appointed and join therein for the minor, and when these directions have been complied with, an order to sell the real estate under the act will be entered upon his submitting a proper form of decree.